**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

LAVAN T. WEBSTER,        :
                              :
    Plaintiff,            :
                              :
    v.                  :      CIVIL ACTION NO.
                              :      1:13-CV-00999-RWS
CARMAX,                :
                              :
    Defendant.       :
                              :

## ORDER

This case comes before the Court on Plaintiff Webster's Motion to Compel Discovery Documents [16], Defendant CarMax's Motion for Summary Judgment [17], and Plaintiff Webster's Motion to Dismiss Defendant's Motion for Summary Judgment [22].[1]  After reviewing the record, the Court enters the following Order.

### Background

Plaintiff LaVan T. Webster filed this action against Defendant CarMax Auto Superstores, Inc. on March 27, 2013, alleging breach of contract, unfair business practices, and discrimination based on race, gender, disability, and

---

[1] The Court treats Plaintiff's Motion to Dismiss [22] as a response to Defendant's Motion for Summary Judgment.

AO 72A
(Rev.8/82)

veteran status arising out of his attempted purchase of a vehicle from

Defendant.  On February 10, 2013, Plaintiff and his wife sought to purchase a

new 2013 Jeep Wrangler at Defendant's store located at 1975 Beaver Ruin

Road, Norcross, Georgia.  (Def.'s Statement of Material Facts ("Def.'s SMF"),

Dkt. [17-2] ¶ 1.)  According to a Buyer's Order dated February 10, 2013,

Plaintiff and his wife were listed as individual purchasers of the vehicle for the

retail price of $37,869.00, which included manufacturer rebates for retail

customers.  (Id. ¶¶ 2-4; Buyer's Order, Dkt. [17-4].)  Neither Plaintiff nor

Defendant signed the Buyer's Order.  (Id.)

        On February 13, 2013, Plaintiff returned to the store to complete the

purchase with a business check from Credit Master Auto Sales, Inc., a business

that buys and sells used vehicles and of which Plaintiff is the secretary and

registered agent.  (Def.'s SMF, Dkt. [17-2] ¶¶ 6-7; Annual Registration, Dkt.

[17-6].)  Defendant had previously done business with Credit Master, although

used-car dealers typically purchase vehicles from Defendant through auctions,

not at CarMax retail stores.  (Id. ¶¶ 8-9.)  Believing that Plaintiff intended to

purchase the vehicle on behalf of Credit Master for resale, Defendant notified

him that it could not offer rebates intended for retail customers to used-car

AO 72A
(Rev.8/82)

dealers.  (Id. ¶ 11.)  Therefore, it could not sell the vehicle to Credit Master for less than $39,630.00, which represented the purchase price paid by Defendant to the Chrysler Corporation plus charges and fees.  (Id.)  Plaintiff refused to purchase the vehicle at the higher price.  (Id. ¶ 12.)

Defendant's Assistant Business Office Manager, Latara Christian, contacted a Chrysler representative and determined that Defendant could not sell any new vehicle to a used-car dealer for resale pursuant to the Jeep Sales and Service Agreement between Chrysler and Defendant.  (Id. ¶ 13.)  Defendant then told Plaintiff it could not sell him the vehicle.  (Id. ¶ 14.)

Plaintiff maintains that he intended to purchase the vehicle for his wife, not to resell it.  (Pl.'s Resp., Dkt. [22] ¶¶ 1-2.)  When Defendant refused to sell him the vehicle, it informed him that he did not meet the requirements to buy the Jeep but did not explain what this meant.  (Id. ¶¶ 7, 9.)  Plaintiff believes that these requirements could refer to his race, mental capacity, or some other discriminatory factor.  (Id. ¶ 9.)  He later purchased a Jeep from a different dealership and registered it in his wife's name.  (Id. ¶ 6.)

This action followed.  Defendant now moves for summary judgment as to all claims, while Plaintiff has filed a Motion to Compel Discovery Documents

[16].

## Discussion

### I.      Motion to Compel Discovery Documents [16]

On September 16, 2013, Plaintiff sought to compel discovery of certain documents relating to the sale of the Jeep Wrangler to another customer, including the purchase price and name and contact information of the buyer. Plaintiff also requested information about the sale of any Jeep Wrangler between February 8, 2013, and May 31, 2013, in addition to all copies of invoices pertaining to Jeep Wranglers as of June 27, 2013.  (Dkt. [16-1].)

Under Federal Rule of Civil Procedure 37(a)(1), a motion to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  Under the Local Rules, the movant must quote the request to which objection is taken, state the specific objection and its grounds, and cite authority and reasons supporting the motion.  LR 37.1(A).  Moreover, "a motion to compel a disclosure or discovery must be filed within the time remaining prior to the close of discovery or, if longer, within fourteen (14) days after service of the

AO 72A
(Rev.8/82)

disclosure or discovery response upon which the objection is based." LR
37.1(B).

Plaintiff failed to certify that he in good faith conferred with Defendant in
attempting to resolve his discovery dispute, and his motion does not comply
with the Local Rules.  Although Plaintiff did attach two letters he sent
Defendant requesting production of documents, he did not certify that he
conferred with Defendant in good faith to resolve this dispute.  In addition,
neither the letters nor the Motion to Compel adequately explains the basis for
requesting the documents or cite authority to support the request, as the Local
Rules require.  Even after Defendant indicated its willingness to discuss
Plaintiff's discovery request with him if he could provide more information,
Plaintiff's second letter offered very little detail except that the requested
documents relate to his claim of unfair business practices "since CarMax is a
one price car dealer."  (Aug. 26 Letter, Dkt. [16-1] at 7; see also Def.'s Letters,
Dkt. [16-1] at 8-9.)  These letters are insufficient to meet Plaintiff's obligation
to certify that he in good faith conferred with Defendant to resolve this dispute.
And because Plaintiff did not adequately explain the basis for his requests in his
motion, the Court finds that his motion does not comply with the Local Rules.

See <u>Samadi v. Bank of Am.</u>, 476 F. App'x 819, 821 (11th Cir. 2012) (holding that a court was not required to grant a pro se plaintiff's motion to compel "when he failed to certify that he had conferred in good faith with counsel for the bank, or to comply with a local rule that he object with specificity to the responses of the Bank to requests for discovery" (citations omitted)).

Moreover, the Court finds that Plaintiff's motion is untimely. Plaintiff initially served his discovery request on June 27, 2013, and Defendant responded on July 26, 2013. (<u>See</u> Dkt. [13, 15].) Plaintiff then sent Defendant two letters requesting the documents at issue: the first on August 7, 2013, to which Defendant responded on August 20, 2013, and the second on August 26, 2013, to which Defendant responded on September 6, 2013. (<u>See</u> Dkt. [16-1] at 4-9.) However, the four-month discovery period closed on August 26, 2013.[2] Plaintiff filed his motion on September 17, 2013. Consequently, Plaintiff's Motion to Compel [16] is untimely. For these reasons, Plaintiff's Motion to Compel [16] is due to be **DENIED**.

## II.    Summary Judgment Legal Standard

---

[2] Defendant removed this action from the State Court of Gwinnett County and filed its Answer [2] on March 27, 2013. The discovery period commenced thirty days later, on April 26, 2013. <u>See</u> LR 26.2(A).

Federal Rule of Civil Procedure 56 requires that summary judgment be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The moving party bears the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1259 (11th Cir. 2004) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)) (internal quotation marks omitted). Where the moving party makes such a showing, the burden shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

The applicable substantive law identifies which facts are material. Id. at 248. A fact is not material if a dispute over that fact will not affect the outcome of the suit under the governing law. Id. An issue is genuine when the evidence

7

is such that a reasonable jury could return a verdict for the non-moving party.
Id. at 249-50.

Finally, in resolving a motion for summary judgment, the court must view all evidence and draw all reasonable inferences in the light most favorable to the non-moving party. Patton v. Triad Guar. Ins. Corp., 277 F.3d 1294, 1296 (11th Cir. 2002). But, the court is bound only to draw those inferences which are reasonable. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (internal citations omitted); see also Matsushita, 475 U.S. at 586 (once the moving party has met its burden under Rule 56(a), the nonmoving party "must do more than simply show there is some metaphysical doubt as to the material facts").

## III.   Analysis

Defendant argues that Plaintiff failed to produce any evidence in support of his claims sufficient to create a genuine issue of material fact. The Court

8

examines each claim in turn.

A.    Breach of Contract

The elements of breach of contract are a valid contract, the breach, and the resultant damages to the party who has a right to complain that the contract was broken.  Budget Rent-A-Car of Atlanta v. Webb, 469 S.E.2d 712, 713 (Ga. Ct. App. 1996).  Defendant argues that it is entitled to summary judgment because there was no valid contract between the parties.  Indeed, in Georgia the Statute of Frauds states that "a contract for the sale of goods for the price of $500.00 or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought or by his authorized agent."  O.C.G.A. § 11-2-201(1).  It is undisputed that neither party executed the Buyer's Order.  (Buyer's Order, Dkt. [17-4]; Webster Depo., Dkt. [17-3] at 15.)  Plaintiff points to no other evidence of a contract to buy the vehicle.  Therefore, no valid contract exists, and Plaintiff's breach of contract claim is due to be **DISMISSED**.

B.    Discrimination

1.    *Race Discrimination*

9

Plaintiff claims that Defendant discriminated against him in violation of 42 U.S.C. § 1981 because he is a white male, and Ms. Christian, the Assistant Business Office Manager, is an African-American woman.  Section 1981 prohibits discrimination on the basis of race in the making and enforcement of private contracts.  It provides that

> [a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to the like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981.

In order for a plaintiff to recover under § 1981, he must demonstrate that he is a member of a racial minority and that he suffered intentional race discrimination which affected him in the making and performance of a contract, including the enjoyment of the contract's benefits, privileges, terms and conditions.  Benton v. Cousins Props., Inc., 230 F. Supp. 2d 1351, 1369 (N.D. Ga. 2002); Baker v. McDonald's Corp., 686 F. Supp. 1474, 1481 (S.D. Fla. 1987); see Gen. Bldg. Contractors Ass'n, Inc. v. Pennsylvania, 458 U.S. 375, 391 (1982) (stating that § 1981 can be violated only by purposeful

10

discrimination).  A plaintiff may prove intentional discrimination through (1)

direct evidence; (2) pattern and practice evidence, or (3) circumstantial

evidence of discrimination.  Afkhami v. Carnival Corp., 305 F. Supp. 2d 1308,

1320 (S.D. Fla. 2004).  Direct evidence of discrimination is evidence, which if

believed, would prove the existence of a fact without inference or presumption.

Id.  To show a pattern or practice of discrimination, a plaintiff must provide

evidence of impermissible discrimination that was the defendant's standard

operating procedure through historical, anecdotal or statistical evidence or a

combination thereof.  Id. at 1321.  Finally, a plaintiff may prove that he was

intentionally discriminated against by presenting circumstantial evidence.  Id.

In order to prove discrimination under § 1981 through circumstantial

evidence, courts apply the traditional burden-shifting framework applied in

Title VII cases.  Brown v. Am. Honda Motor Co., Inc., 939 F.2d 946, 949 (11th

Cir. 1991); see also McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).

Under the familiar McDonnell Douglas analysis, a plaintiff first must establish a

prima facie case of discrimination.  Id. at 802; Texas Dep't of Cmty. Affairs v.

Burdine, 450 U.S. 248, 254 (1981).  Establishing a prima facie case has the

same effect as a presumption of unlawful discrimination; the defendant must

then come forward with evidence of a legitimate nondiscriminatory reason for its action.  McDonnell Douglas, 411 U.S. at 802.  When a defendant expresses one or more legitimate reasons for the action, the presumption of discrimination evaporates, and a plaintiff must raise a genuine issue of material fact as to whether the reasons offered by the defendant are pretextual.  Id. at 804.

To establish a prima facie case, a plaintiff must show that: (1) he is a member of a protected class; (2) he made himself available to receive services ordinarily provided by defendant to members of the public; (3) he "did not enjoy the privileges and benefits of the contracted for experience under factual circumstances which rationally support an inference of unlawful discrimination in that (a) [he] was deprived of services while similarly situated individuals outside [his] class were not, or (b) [he] received services in a markedly hostile manner and in a manner which a reasonable person would find objectively unreasonable."  Brooks v. Collis Foods, Inc., 365 F. Supp. 2d 1342, 1354 (N.D. Ga. 2005) (citing Christian v. Wal-Mart Stores, Inc., 252 F.3d 862, 871 (6th Cir. 2001)).

Upon reviewing the record, it appears that Plaintiff's only evidence of discrimination is Defendant's statement that Plaintiff did not meet the

AO 72A
(Rev.8/82)

requirements to purchase a vehicle.  Even though Plaintiff presumed that this could mean Defendant refused to sell him the vehicle on the basis of race, such a presumption, without more, does not amount to direct evidence of discrimination.  Nor does Plaintiff allege a pattern or practice of discrimination.

Plaintiff also fails to establish a prima facie case under the McDonnell Douglas burden-shifting framework.  First, Plaintiff is not a member of a racial minority group.  Furthermore, he has not produced evidence that similarly situated individuals were permitted to purchase a car or that he received services in a markedly hostile manner.  And finally, even if Plaintiff could establish a prima facie case, Defendant has articulated a legitimate, non-discriminatory reason for refusing to sell Plaintiff the vehicle: its agreement with Chrysler not to sell new vehicles to used-car dealers for resale.  Although Plaintiff insists that he intended to purchase the vehicle for personal use, the record shows that he attempted to purchase it with a business check from Credit Master, leading Defendant to believe that Plaintiff intended to resell the vehicle.[3]  But Plaintiff has failed to produce any facts creating a genuine dispute

---

[3] Plaintiff appears to accept Defendant's explanation that it cannot sell vehicles to a used-car dealer but disputes that it has shown why it did not sell to Plaintiff individually.  (Pl.'s Resp., Dkt. [22] ¶ 11.)  However, Defendant does not argue that it

13

as to whether Defendant's proffered reason was pretextual.  Plaintiff's racial

discrimination claim is therefore due to be **DISMISSED**.

> 2.    *Discrimination on the Basis of Gender, Disability, and*
>       *Veteran Status*

Turning to Plaintiff's remaining allegations of discrimination, the Court

finds that Plaintiff has not produced any evidence whatsoever that Defendant

refused to sell him the vehicle based on his gender, his post-traumatic stress

disorder, or his veteran status.  Moreover, even if Plaintiff had established a

prima facie case of discrimination, he has not shown that Defendant's policy

not to sell vehicles to other dealers for resale was pretext for discrimination.

Accordingly, Plaintiff's remaining discrimination claims are due to be

**DISMISSED**.

C.    Unfair Business Practices

Plaintiff's final claim—that Defendant used unfair business practices by

giving two different purchase prices—appears to arise under the Georgia Fair

---

refused to sell to Plaintiff as an individual, and although Plaintiff denies that his
intention was to purchase the Jeep on behalf of Credit Master, Defendant's evidence
demonstrates that it believed this was the case.  But even if Defendant was mistaken,
Plaintiff still fails to show that Defendant declined to sell him the vehicle for
discriminatory reasons or that it invoked its policy not to sell to used-car dealers as
pretext for discrimination.

Business Practices Act ("FBPA").  The FBPA was created "to protect consumers and legitimate business enterprises from unfair or deceptive practices in the conduct of any trade or commerce."  O.C.G.A. § 10-1-391(a). In that regard, the FBPA prohibits businesses from "advertising goods or services with intent not to sell them as advertised" in a consumer transaction. Id. § 10-1-393(b)(9).  To recover under the FBPA, a private individual must establish (1) a violation of the Act, (2) causation, and (3) injury.  Moore-Davis Motors, Inc. v. Joyner, 556 S.E.2d 137, 139 (Ga. Ct. App. 2001).  In addition, thirty days prior to filing suit under the FBPA, a plaintiff must submit to the defendant "a written demand for relief, identifying the claimant and reasonably describing the unfair or deceptive act or practice relied upon and the injury suffered."  O.C.G.A. § 10-1-399(b).

First, Defendant argues that the FBPA does not apply because the transaction at issue here was not a consumer transaction, which is defined as "the sale, purchase, lease, or rental of goods, services, or property, real or personal, primarily for personal, family, or household purposes."  O.C.G.A. § 10-1-392(a)(10).  But even if this were a consumer transaction, Plaintiff has not produced evidence that Defendant advertised the Jeep with intent not to sell it

15

as advertised.  Rather, the evidence demonstrates that Defendant only refused to sell the vehicle after Defendant learned that selling the car to Credit Master would violate its agreement with Chrysler.  Moreover, Plaintiff has not shown that he complied with the FBPA's notice requirements.  Accordingly, Plaintiff's FBPA claim fails, and thus Defendant's Motion for Summary Judgment [17] is **GRANTED**.

### Conclusion

For the foregoing reasons, Plaintiff's Motion to Compel [16] is **DENIED**, Defendant's Motion for Summary Judgment [17] is **GRANTED**, and Plaintiff's Motion to Dismiss Defendant's Motion for Summary Judgment [22] is **DENIED**.  The Clerk shall close the case.

**SO ORDERED**, this  14th  day of May, 2014.

**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)